UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER ROESKE,

     Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.

Case No. 20-13407
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

_____

**ORDER ACCEPTING REPORT AND RECOMMENDATION [15],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
[12], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT [14]**

_____

In December 2020, Jennifer Roeske sued the Commissioner of Social Security after she had been denied disability insurance benefits under the Social Security Act. (ECF No. 1.) The case was referred to Executive Magistrate Judge David R. Grand pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.) In time, both parties filed motions for summary judgment. (ECF Nos. 12, 14.)

Magistrate Judge Grand recommended that Roeske's motion be denied and that the Commissioner's motion be granted. (ECF No. 15.) And at the conclusion of the Report and Recommendation, Magistrate Judge Grand notified the parties that they were required to file any objections within fourteen days of service as provided in Federal Rule of Civil Procedure 72(b)(2),

and he warned that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal. (*Id.* at PageID.775.) Neither party objected to the Report and Recommendation, and the time to do so has passed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution. 474 U.S. at 155.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts his recommended disposition. (ECF No. 15.) It follows that Roeske's motion for summary judgment is DENIED

(ECF No. 12) and that the Commissioner's motion for summary judgment is
GRANTED (ECF No. 14).

     SO ORDERED.

     Dated: June 13, 2022

                    s/Laurie J. Michelson
                    LAURIE J. MICHELSON
                    UNITED STATES DISTRICT JUDGE